SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
CRAIG A. HARBAUGH (No. 194309)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-7865
Facsimile (213) 894-0081

Attorneys for Defendant
ADAM GARDENHIRE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | NO. CR 12-345-SVW |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE |
| v. | ) | |
| | ) | |
| ADAM GARDENHIRE, | ) | |
| | ) | |
| Defendant. | ) | |

## **INTRODUCTION**

The Government's opposition, which raises assertions directly in conflict with Gardenhire's submission, only confirms the need for a hearing to resolve the factual disputes surrounding the seizure of Gardenhire and the search of his home. The Government raises several legal arguments; only two warrant explanation. The Government's claim that the search was based upon exigent circumstances is groundless. Officers neither subjectively nor objectively believed that anyone was about to destroy evidence. In addition, the Government's misreads the basis for exclusion of Gardenhire's later statement where he did receive *Miranda* warnings. Contrary to the Government's suggestion, Gardenhire contends that the unlawful search, rather than the original failure to issue the *Miranda* advisement during the original statement, warrants exclusion.

# ARGUMENT

## I. The Government's Contrary Factual Assertions Require a Hearing to Resolve Gardenhire's Fourth Amendment Claims

In support of its opposition, the Government relies on declarations from two officers present during Gardenhire's interrogation and search of his home. These declarations directly conflict with the factual assertions made by Gardenhire and his aunt. While the Government does not appear to suggest that the motion should be denied without further factual development, it is important note that a hearing is mandated under these circumstances.

Generally, where material factual disputes exist in connection with a suppression motion, a hearing is required. *See, e.g., United States v. Orman*, 486 F.3d 1170, 1171 (9th Cir. 2007). Quite tellingly, the Government does not contend that Gardenhire should lose even accepting the facts as alleged. Consequently, the Court should hold an evidentiary hearing to resolve the factual disputes presented in this case.

## II. The Government's *Post-Hoc* Rationalization of Exigency Cannot Justify the Warrantless Search

It is true that a warrantless search of a home can be excused in order "to prevent the imminent destruction of evidence." *Kentucky v. King*, 131 S. Ct. 1849, 1854-1857 (2011). But the officer must have an objectively reasonable basis to believe "to believe that entry . . . was necessary to prevent the destruction of relevant evidence." *United States v. Hudson*, 100 F.3d 1409, 1417 (9th Cir. 1996). There must be a "substantial risk [that] would arise if the police were to delay a search until a warrant could be obtained." *United States v. Reid*, 226 F.3d 1020, 1027-28 (9th Cir. 2000) (quoting *United States v. Gooch*, 6 F.3d 673, 679 (9th Cir. 1993)).

Here, even accepting the Government's version of events, no exigency justified

1 the warrantless search.  At the time the officer's began searching Gardenhire's home,
2 they were already present inside and Gardenhire was outside.  They had no fear,
3 reasonable or otherwise, that Gardenhire's aunt and elderly grandfather were about to
4 destroy evidence.  Although Officer Davenport recounts how a laser pointer was
5 destroyed in a previous case, he points to no specific circumstance in *this* case
6 supporting his belief that persons were about to destroy a laser pointer.   Perhaps not
7 surprisingly, Davenport does not even claim that he carried out the search to avoid
8 destruction of evidence.  Even if Davenport later "recalls" at the hearing that this one
9 of the motivation for conducting the search, this still would not qualify for the
10 exception.  If the officers were truly concerned that evidence was going to be
11 destroyed, nothing prevented them from excluding the grandfather and aunt from the
12 residence and temporarily detain them while they obtained a warrant.

**III.  The Government Mischaracterizes Gardenhire's Asserted Grounds for Excluding Gardenhire's Subsequent *Mirandized* Statement**

Curiously, the Government argues that Gardenhire cannot exclude his subsequent statement to law enforcement based upon their failure to administer a *Miranda* warning during the first interrogation.  This may be correct but quite beside the point.  Gardenhire argues that the subsequent statement was tainted by the officer's discovery of the laser pointer in his home.  The Government does not even bother to address this aspect.  Because there is clear nexus between the unlawful search and the subsequent interrogation hours later, his later statement must also be suppressed.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: August 28, 2012        By  /s/ *Craig A. Harbaugh*
                              CRAIG A. HARBAUGH
                              Deputy Federal Public Defender

3