ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
MELISSA MILLS(Cal. State Bar No.: 248529)
Assistant United States Attorney
National Security Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0627
     Facsimile: (213) 894-6436
     E-mail: Melissa.Mills@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 12-345-SVW |
| Plaintiff, | **GOVERNMENT'S SENTENCING POSITION** |
| v. | |
| ADAM GARDENHIRE, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position relating to defendant Adam Gardenhire.

///

///

///

The government's position regarding sentencing and the PSR is based upon the attached memorandum of points and authorities, the files and records in this case, the Pre-Sentence Investigation Report, and any other evidence or argument that the Court may consider at the time of sentencing.

DATED: February 7, 2013

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

MELISSA MILLS
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND

On March 29, 2012, defendant was charged in a two-count indictment aiming a laser pointer at an aircraft, in violation of 18 U.S.C. § 39A. On October 29, 2012, pursuant to a plea agreement, defendant entered a plea of guilty to count one of the indictment. Defendant reserved the right to appeal the Court's denial of his motion to suppress statements and evidence.

On December 21, 2012, the United States Probation Office ("USPO") issued a Pre-Sentence Investigation Report ("PSR") and a separate sentencing-recommendation letter in this matter. The parties did not stipulate to any sentencing factors, and the United States Sentencing Guidelines ("USSG") does not directly specify a guideline for the statute of conviction. Pursuant to USSG § 2X5.1, which requires application of the most analogous guideline in the absence of a directly applicable guideline, USPO recommends that the Court apply USSG § 2A5.2(a)(2)(A), which governs interference with navigation or operation of a mass transportation vehicle in a manner that recklessly endangers the safety of an aircraft. (PSR ¶¶ 18-20.) The government concurs with this analysis, and submits that the base offense level should be 18. Defendant is entitled to a three-level downward adjustment for acceptance of responsibility. The government concurs with the USPO that defendant is not entitled to any further downward adjustments, and that the total offense level is 15. (PSR ¶ 29.)

The government does not object to the USPO's determination

that defendant has one criminal history point and a criminal history category of I.  (PSR ¶¶ 34-38.)  The Sentencing Guidelines range corresponding to a total offense level of 15 and a criminal history category of I is 18 to 24 months imprisonment.

The government respectfully recommends that, pursuant to 18 U.S.C. § 3553(a), the Court impose a sentence of 12 months imprisonment, to be followed by a two-year period of supervised release.  This recommendation reflects a downward variance of two levels from defendant's total offense level of 15, which the government submits is warranted in light of defendant's very young age, lack of substantial criminal history, and relatively quick acceptance of responsibility and assistance to law enforcement.

## II.

## SUMMARY OF FACTS

On March 29, 2012, while at his home in North Hollywood, defendant used a green laser pointer to intentionally target two aircraft in flight.  First, defendant used the laser pointer to strike a private airplane attempting to land at nearby Burbank Airport.  Defendant's laser struck the pilot of the airplane in the eye multiple times and caused him to suffer vision impairment, which lasted at least through the day after the event.  Next, defendant used the laser to strike a police helicopter that subsequently deployed to determine the origin of the initial laser strikes.  Defendant's laser struck the helicopter multiple times.  The police pilot was wearing protective eye gear and thus did not suffer eye damage or vision impairment from the laser.

## III.

## THE MOST ANALOGOUS GUIDELINE SECTION IS 2A5.2(a)(2)(A)

Pursuant to USSG § 2X5.1, in a felony offense for which no guideline has been expressly promulgated, the most analogous guideline should be applied. The Guidelines Manual does not contain a guideline explicitly directed at 18 U.S.C. § 39A. Moreover, since 18 U.S.C. § 39A was enacted, the government is aware of no cases in any district that have proceeded to sentencing under this new statute. Section 2A5.2, which applies in cases involving interference with the navigation or operation of a mass transportation vehicle, is analogous to the offense here. In particular § 2A5.2(a)(2)(A), which governs recklessly endangering the safety of an aircraft, should apply.

In the only prior federal case in this district involving intentional striking of an aircraft with a laser, the defendant was charged with and convicted at trial of violating 18 U.S.C. 32(a)(5)[1], which prohibits willful interference with the operator of an aircraft.[2] <u>United States v. Dana Christian Welch</u>, CR 08-175-RT. The enumerated guideline applicable to 18 U.S.C. §

---

[1] The <u>Welch</u> case predated the statute of conviction in this case, 18 U.S.C. § 39A, which was enacted in 2012.

[2] The statute of conviction in the <u>Welch</u> case required the government to prove the following elements:
1) the defendant willfully interfered with or disabled a person engaged in the authorized operation of an aircraft;
2) the aircraft was in the special aircraft jurisdiction of the United States or any civil aircraft used, operated, or employed in interstate, overseas, or foreign commerce; and
3) at the time defendant acted, he acted with a willful disregard for the safety of human life.

18 U.S.C. § 32(a)(5).

32(a)(5) is USSG § 2A5.2.

The defendant's conduct in the <u>Welch</u> case was virtually identical to the offense conduct here.  See <u>Welch</u> Government Trial Brief, CR 08-175-RT, Docket Control No. 67.  Specifically, defendant Welch intentionally aimed a green laser pointer at three separate airplanes as they attempted to land at John Wayne Airport in Orange County.  <u>Id.</u>  The first pilot felt pain in an eye and sought treatment; the second pilot experienced a momentary blind spot and pressure in his eyes, and the third pilot reported being "distracted" from his duties.  <u>Id.</u>  All three planes landed safely.  <u>Id.</u>  Defendant Welch initially denied his involvement in the laser strikes, but after additional questioning by police, he admitted his conduct and consented to a search that resulted in the recovery of the green laser at his house.  <u>Id.</u>

In that case, the parties stipulated at sentencing that the base offense level was 18, pursuant to USSG § 2A5.2.  See CR 08-175-RT, Docket Number 133.  A base offense level of 18 under USSG § 2A5.2 is applicable where the offense involved "recklessly endangering the safety of an airport or an aircraft."

Here, like in <u>Welch</u>, defendant's intentional targeting of multiple aircraft with a powerful green laser recklessly endangered the safety of those aircraft.  The pilot of the first aircraft targeted by defendant landed safely but suffered some temporary vision impairment lasting until the next day (the pilots of the police helicopter, who had been alerted to the presence of the laser, wore protective eyeware and thus suffered no injury).  Defendant used his green laser to strike an airplane

and a helicopter flying at low altitudes in a mountainous area. In the case of the jet, it was in a critical phase of landing preparations. Pilots cannot land - or avoid flying into hillsides, buildings, and other aircraft - if they cannot see, and even a few seconds of temporary blindness or disorientation could easily prove catastrophic for those on board the aircraft and those below. Defendant's actions recklessly endangered the safety of the two aircraft he attacked with his green laser, and a base offense level of 18 pursuant to 2A5.2(a)(2)(A) is appropriate.

## IV.

### A SENTENCE OF 12 MONTHS' IMPRISONMENT IS APPROPRIATE

Here, based on the factors set forth in 18 U.S.C. § 3553(a), the government respectfully submits that a sentence of 12 months imprisonment would be sufficient, but not greater than necessary, to achieve the ends of justice. This recommendation reflects a downward variance of two levels from defendant's total offense level of 15 (base offense level of 18, minus three points for acceptance of responsibility).

Weighing in defendant's favor are several factors unique to this defendant. Defendant is a very young man, having committed this offense when he was just 18, and a high school student. His record does not show a history of violence or an unyielding path toward a life of crime; he had one juvenile conviction for an alcohol-related offense and possession of a small amount of marijuana. While youth, immaturity, and a lack of significant previous trouble with the law do not absolve defendant of responsibility for his criminal and dangerous actions in this

case, they do mitigate his offense to some extent by suggesting a potential for rehabilitation. Moreover, defendant's actions in the wake of this incident - where he readily admitted his misconduct (a few minutes after an initial denial) and assisted the police in securing the instrument of his crime - further suggest an ability to be rehabilitated without a full guideline sentence.

Weighing against defendant in determination of an appropriate sentence is the nature of the offense. Navigating the crowded skies of Los Angeles and landing in its mountainous terrain is serious business, and defendant's actions in deliberately targeting multiple aircraft and their pilots with debilitating laser beams as they performed this delicate function were unconscionable. Such conduct recklessly endangered the occupants of those aircraft as well as unsuspecting people on the ground below, in defendant's own neighborhood. Further aggravating defendant's offense - and to some extent undermining the government's rehabilitation argument set forth in the paragraph above - is defendant's curious decision to use cocaine in the weeks following his arrest in this case, while knowingly under the watchful eye of pretrial supervision, and indeed while his CASA application was pending action by this Court. (See Government's Objection to Presentence Investigation Report.) Such poor judgment raises doubts about whether defendant will view this felony conviction as a signal to turn his life around, or whether he will continue to indulge his every misguided impulse without regard for the law, the community, or even the lives and safety of others.

It is for these reasons that the government submits that a sentence of 12 months (rather than the year and a day recommended by USPO, which would likely result in defendant serving less time than a 12-month sentence) is appropriate in this case. A year in prison, to be followed by a substantial period of supervised release, is necessary to deter defendant and others from committing similar crimes, to protect the public from defendant's criminal behavior, and to promote respect for the law.

## IV.

## CONCLUSION

The government thus respectfully recommends that the Court impose a sentence of 12 months imprisonment, to be followed by a two-year term of supervised release, and a mandatory special assessment of $100.

DATED: February 7, 2013          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


_____
MELISSA MILLS
Assistant United States Attorney

Attorneys for Plaintiff
United States of America